Sometimes it takes the form of the local seller inviting the foreign buyer to his home for dinner or to his club for lunch or to his country club for golf. Sometimes it is subtle and sometimes obvious. Some there are who have no social interest except as it may be helpful to earnings. Thus the manufacturer makes friends with the wholesaler, the builder with the architect and the rubber merchant with the tire maker.

What we have said indicates the scope of the taxpayer's argument. It becomes a question of degree and not one of defined principle. Merely because a social asset is also a business advantage, it is not to be said that its exhaustion is an item of business deduction. The yacht in the present appeal is a social instrument of this character and we hold that its exhaustion may not be deducted.

SMITH dissenting.

---

## APPEAL OF CHESTER M. CURRY.

Docket No. 4173.  Submitted August 17, 1925.  Decided December 23, 1925.

*R. K. Slaughter, Esq.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

### Before STERNHAGEN and LOVE.

The taxpayer appeals from a determination of deficiencies in income taxes of $976.90 for 1917 and $1,054.25 for 1919. He alleges errors by the Commissioner in including in income for 1917 and for 1919 salary credited to but not received by the taxpayer in each of those years, and in disallowing depreciation on a yacht and an automobile claimed to have been used in business. The petition also contains allegations relative to the disallowance by the Commissioner of claims in abatement for the years 1917 and 1920, inclusive, and of disallowance of depreciation on the yacht and automobile for 1920, but these allegations were withdrawn at the hearing. The Commissioner found an overassessment for 1920 of $1,234.58.

### FINDINGS OF FACT.

Taxpayer was treasurer of Brander & Curry, Inc., which was organized by him and John A. Brander in 1915. They were the principal stockholders and together controlled the corporation. Its business was to act as selling agent for manufacturers, and it dealt principally in cotton fabrics used in the automobile industry. John A. Brander was president, and Lewis W. Brander was vice president. All three officers acted as salesmen. They, together with a brother of Curry, constituted the board of directors.

The taxpayer originally made his income-tax returns on an accrual basis. In 1922 he filed amended returns on the basis of cash receipts and disbursements. He kept no separate books of account of his own. The original returns were prepared by a public accountant from the books of the corporation, which were kept on an accrual basis. In 1917 the amount credited to and originally reported by the taxpayer is $58,324.15; the sum received and reported in the amended return is $18,913.23. In 1919 he was credited with and reported originally $115,166; he received and reported in the amended return $112,663.

At December 31, 1917, the books show the following balances due officers: Chester M. Curry, $55,953.88; J. A. Brander, $56,817.40; L. W. Brander, $27,820.56. The undivided profits at December 31, 1917, were $32,634.48; cash on hand, $30,309.21.

The credit balances of the officers on the books of the corporation at the beginning and at the close of the taxable year 1919 are as follows:

|  | Dec. 31, 1918. | Dec. 31, 1919. |
|---|---|---|
| John A. Brander | $44,069.54 | $46,974.03 |
| C. M. Curry | 43,058.44 | 48,561.44 |
| L. W. Brander | 26,749.32 | 35,807.55 |
| Total | 113,877.30 | 131,343.02 |

The cash on hand at the beginning of the year 1919 was $15,352.62; at the close of the year it was $47,975.92. The surplus at the beginning of the year was $28,017.48; at the close, $114,336.66. The total amount credited to officers in 1919 exceeded the amount withdrawn by $17,465.72.

The corporation had total investments in stock and bonds as follows: December 31, 1917, $72,025.08; December 31, 1918, $90,525.08; December 31, 1919, $256,619.73. These investments were mainly in the shares of stock of corporations with which Brander & Curry, Inc., did business. During the years in question its outstanding stock was $25,000.

The earnings of the corporation in 1919, after deducting all salaries and expenses, were sufficient to have paid a dividend of 350 per cent on the outstanding capital stock, and 150 per cent on the combined capital and surplus at December 31, 1918.

The corporation paid for its purchases within 10 days or monthly, and extended credit to its customers of from 60 to 90 days. All of its assets were pledged with banks or commercial bankers for loans.

The taxpayer in the fall of 1919 bought a sailing yacht which has been used very largely for the purpose of entertaining persons with

whom Brander & Curry, Inc., did business. The taxpayer formerly owned a smaller sailing yacht—a one-man boat. In discussing plans for entertaining with J. A. Brander it was decided that the taxpayer would buy a larger boat. Accordingly, this yacht was acquired for $20,000. The taxpayer spent an additional $2,000 for alterations. The alterations were completed about the middle of May, 1920. The taxpayer deducted, for 1919, $3,300 as depreciation—at the rate of 15 per cent on $22,000—which was disallowed by the Commissioner.

In 1916 the taxpayer acquired an automobile for $6,000, which was used for entertaining persons with whom the corporation did business, and it was placed at their disposal when they came to the city. As a part of the entertainment it was used sometimes in going to play golf or going to the yacht club. The taxpayer did not use the automobile in his individual work as a salesman; he permitted the corporation to use it for entertaining. In the early years the corporation paid the expenses of maintaining and operating the automobile. The taxpayer deducted, for 1919, depreciation of $1,200, or 20 per cent of the cost, which was disallowed by the Commissioner. The automobile was still in use in 1925.

DECISION.

The determination of the Commissioner is approved. See *Appeal of John A. Brander*, 3 B. T. A. 231.

SMITH dissenting.

---

APPEAL OF ALEXANDRIA PAPER CO.

Docket No. 2271. Submitted May 22, 1925. Decided December 23, 1925.

> *Held* that, in computing invested capital, earned surplus should be reduced by the depreciation sustained.

*George S. Olive*, *C. P. A.*, and *Frank C. Olive*, *Esq.*, for the taxpayer.

*Arthur J. Seaton*, *Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

The Commissioner has asserted a deficiency in income and profits taxes for the year 1917 in the sum of $12,539.44. The taxpayer admits the correctness of a part of the determination and there is here in controversy only $6,879.92. So much of the deficiency as is in controversy grows out of the refusal of the Commissioner to allow for 1917 the amount of depreciation claimed by the taxpayer and